**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN L. BRUTZ, et al., | ) | CASE NO. 5:10cv1776 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | |
| RAYMOND S. STILLWELL, et al., | ) | OPINION & ORDER |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the Rule 56(d)[1] motion (Doc. No. 18) filed by Plaintiffs John L. Brutz and Michael L. Cohl ("Plaintiffs"), seeking leave to conduct discovery before responding to the motion for summary judgment filed by Defendants Raymond Stillwell and Mark Spizzo ("Defendants"). For the reasons stated as follows, Plaintiffs' motion is DENIED.

**I.    Factual and Procedural Background**

This breach of contract case was originally filed in state court on July 20, 2010 and was removed to this Court on August 12, 2010. The Complaint alleges that Defendants unilaterally terminated the parties' joint venture agreement and seeks damages in excess of $10,000,000. Very early in the litigation, prior to the scheduled Case Management Conference ("CMC") and before any discovery had been conducted, Defendants filed a motion for summary judgment (Doc. No. 15), asserting that Plaintiffs claims are barred by the doctrine of *res judicata*.[2]

---

[1] Formerly Rule 56(f) of the Federal Rules of Civil Procedure
[2] The Court cancelled the scheduled CMC pending resolution of the Defendants' summary judgment motion.

1

Indeed, this is not the first lawsuit between the parties.  In an earlier action, filed in this Court, the Honorable Judge Patricia Gaughan presiding, Plaintiffs sued Defendants, as well as two other individuals, seeking damages for breach of contract and injunctive relief stemming from the defendants' alleged breach of the same joint venture agreement at issue here (the "First Action").  (*See Brutz v. Stillwell*, Case No. 1:09CV2564, Compl., Doc. No. 1). Plaintiffs later abandoned their common law breach of contract claim and amended their complaint, alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*See id*., First Amend. Compl., Doc. No. 6). On May 12, 2010, Judge Gaughan dismissed the case against these Defendants for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  *Brutz v. Stillwell*, No. 1:09 CV 2564, 2010 WL 1924471 (N.D. Ohio May 12, 2010).[3]

Returning to the instant suit, Plaintiffs responded to Defendants' summary judgment motion with the instant motion, by which Plaintiffs seek leave to conduct discovery pursuant to Rule 56(d) or in the alternative, an extension of time in which to oppose Defendants' motion.  Defendants opposed the motion (Doc. No. 19) and Plaintiffs replied (Doc. No. 20).  The matter is ripe for disposition.

**II.    Law & Analysis**

Federal Rule of Civil Procedure 56(d) permits a court to allow discovery prior to ruling on a motion for summary judgment. Specifically, Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

---

[3] On June 10, 2010, Plaintiffs filed a notice of appeal with the Sixth Circuit Court of Appeals, which was dismissed on Plaintiffs' voluntary motion on July 30, 2010.

"A plaintiff seeking to delay a ruling on a summary judgment motion must demonstrate how postponing a ruling will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Duran v. AT&T Corp.*, C-2-99-418, 2001 WL 1334280 (S.D. Ohio Aug. 22, 2001) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998)). To this end, a Rule 56(d) affidavit must "identify the material facts it hopes to uncover." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. App'x 826, 835 (6th Cir. 2009); *Summers v. Leis,* 368 F.3d 881, 887 (6th Cir. 2004) ("In the absence of a sufficient affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery.").

Whether to grant a 56(d) motion is within the trial court's discretion. *Good*, 149 F.3d at 422. No party has an "absolute right to additional time for discovery[.]" *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 409 (6th Cir. 1998). "The fact that discovery is not complete – indeed, has not begun – need not defeat [a motion for summary judgment]*."* *Pan Am. Pharm., Inc. v. Shelin*, 980 F.2d 730 (6th Cir. 1992) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F.2d 716, 729 (7th Cir.1986)).

Plaintiffs' counsel, Mitchell J. Yelsky, filed the required affidavit, in which he attests that there has been no formal discovery in either this action or the First Action. Yelsky's affidavit requests that the Court stay its ruling on Defendants' summary judgment motion to permit him to "conduct Discovery on Plaintiffs' behalf, necessary to oppose summary judgment." Further, he attests that "[w]ithout discovery, opposing summary judgment is unreasonably difficult and impractical." (Doc. No. 18-1.)

Yelsky's conclusory assertions are insufficient to warrant a continuance of stay of the motion for summary judgment. *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir.

2004) (holding it is within the trial court's discretion to reject a Rule 56(d) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity" ). "[A] district court need not allow additional discovery by the nonmoving party if the party does not explain how such discovery would rebut the movant's showing of the absence of a genuine issue of material fact." *Singleton v. United States,* 277 F.3d 864, 872 (6th Cir.2002) (citations omitted). Yelsky's affidavit fails to identify what material facts he hopes to discover or exactly how he expects those materials to help Plaintiffs in opposing summary judgment.

Moreover, Yelsky does not explain how factual discovery would have any impact on Defendants' summary judgment motion based on the purely legal argument of *res judicata*. *See, e.g., Schulze v. Twp. of Claybanks,* 1:09-CV-724, 2009 WL 3586139 (W.D. Mich. Oct. 27, 2009)(holding Rule 56(f) inapposite where additional factual discovery would have no bearing on motion seeking summary judgment on basis of *res judicata* and *Rooker-Feldman* doctrines, both purely legal issues). Defendants do not contend that Plaintiffs' claims should be dismissed because of a lack of record evidence to create a genuine issue of material fact on an element of Plaintiffs' breach of contract claim; rather they argue that Plaintiffs have raised claims that could have been litigated in the First Action. "The doctrine of *res judicata* or claim preclusion states that a final and valid judgment on the merits of a claim precludes subsequent action on that claim. The doctrine precludes re-litigation on claims actually litigated as well as claims that could have been litigated." *Knox County Educ. Ass'n v. Knox County Bd. of Educ.*, 158 F.3d 361, 376 (6th Cir. 1998). This determination does not require factual discovery and can be made solely by comparison of the factual allegations and claims raised in the pleadings in both actions. *Holloway Const. Co. v. U.S. Dept. of Labor*, 891 F.2d 1211 (6th Cir. 1989) (holding district court may invoke *sua sponte* doctrine of *res judicata* in interest of promotion of judicial economy).

"[T]he plaintiffs cannot prolong the resolution of what are otherwise purely legal issues by ambiguous references to the need for, and the general importance of discovery." *Schulze v. Twp. Of Claybanks*, 1:09cv724, 2009 WL 3586139 (W.D. Mich. Oct. 27, 2009) (holding [former] Rule 56(f) is inapposite where factual discovery would have no bearing on legal arguments raised in summary judgment motion) (quoting *Robinson v. Akins,* 1990 WL 71285, *6 (N.D. Ill. May 7, 1990)). Accordingly, Plaintiffs' motion is denied.

### III.     Conclusion

For the foregoing reasons, Plaintiffs have failed to establish that the requested discovery is essential to their opposition to Defendants' motion for summary judgment. Consequently, Plaintiffs' Rule 56(d) motion is **DENIED**. Plaintiffs are order to file their response in opposition to Defendants' Motion for Summary Judgment on or before May 27, 2011. Defendants' reply brief is due on or before June 6, 2011.

**IT IS SO ORDERED.**

Dated: May 10, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**