**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN L. BRUTZ, et al.,** | ) | CASE NO. 5:10cv1776 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | JUDGE SARA LIOI |
| **vs.** | ) | |
| | ) | |
| **RAYMOND S. STILLWELL, et al.,** | ) | **MEMORANDUM OF OPINION &** |
| | ) | **ORDER** |
| DEFENDANTS. | ) | |

This matter comes before the Court on a motion for summary judgment filed by defendants Raymond S. Stillwell ("Stillwell") and Mark Spizzo ("Spizzo") (Doc. 15) and a motion for the appointment of a receiver filed by plaintiffs' John L. Brutz ("Brutz") and Michael L. Cohl ("Cohl") (Doc. 8). Plaintiffs have filed their brief in opposition to summary judgment (Doc. 23) to which defendants have filed a reply brief (Doc. 24), thus this matter is ripe for disposition. For the reasons set forth below, defendants' motion for summary judgment is GRANTED; and plaintiffs' motion for appointment of a receiver is DENIED as MOOT.

**I.  BACKGROUND**

In November 2002, plaintiffs filed a lawsuit in this court on the basis of diversity jurisdiction against defendants Spizzo and Stillwell (the "first action"). *Brutz v. Stillwell*, N.D. Ohio Case No. 1:09cv2564 (J. Gaughn). Plaintiffs later amended their Complaint to name two additional defendants, Kevin House ("House") and Norbert Wierszewski ("Wierszewski"). Plaintiffs concede that the operative facts of that litigation and the instant suit are not in dispute.

Plaintiffs alleged then, as they do now, that defendants unilaterally terminated the parties' Joint Venture Agreement and absconded with millions of dollars in profits from the Joint Venture. (Doc. 15-3.) The Complaint in the first action asserted a claim for breach of contract and sought injunctive relief. Later, through a series of amendments plaintiffs abandoned their breach of contract claim in favor of Racketeer Influenced and Corrupt Organizations Act (RICO) claims. (Docs. 15-5, 15-6.) Following dispositive motion practice, the court summarily dismissed the suit against defendants House and Wierszewski on jurisdictional grounds and as against all defendants, including Spizzo and Stillwell, for failure to state a claim. *Brutz v. Stillwell*, 1:09 CV 2564, 2010 WL 1924471 (N.D. Ohio May 12, 2010).

Plaintiffs then filed this lawsuit in state court on July 20, 2010, which defendants removed to this Court on August 12, 2010 based on diversity jurisdiction, 28 U.S.C. s 1332(a) and 1441(a)-(b). (Doc. 1.) Again, plaintiffs alleged that the parties entered into a Joint Venture Agreement, and that defendants unilaterally terminated the Agreement and diverted profits from the Joint Venture. (*Id*.) Plaintiffs – as in the original Complaint in the first action –assert a claim for breach of contract, in addition to claims for civil conspiracy and for an accounting. (Doc. 1-1.)

Pursuant to Fed. R. Civ. P. 56(b), defendants moved for summary judgment, arguing that because they obtained a final judgment on the merits against plaintiffs in the first action, all of plaintiffs' claims in this action are barred by the doctrine of *res judicata*. Plaintiffs argue in opposition that the doctrine of res judicata does not bar this suit because the  first action was not dismissed on the merits; the current action is based on diversity jurisdiction rather than federal question jurisdiction; and the parties in this case are not identical to those in the first action.

## II. ANALYSIS

## A. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S .Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n.,* 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide, "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322. The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus,* 801 F. Supp. 1, 4

(S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

## B. RES JUDICATA

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*. Thus, a plaintiff cannot avoid application of the doctrine simply by selecting a different legal theory of recovery in a subsequent suit. *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978). The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiplicitous litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981).

A claim is barred by the *res judicata* effect of prior litigation if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 578 (6th Cir. 2008); *Browning v. Levy,* 283 F.3d 761, 771-72 (6th Cir. 2002); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Applying this test, the Court finds that plaintiffs' claims for breach of contract, civil conspiracy, and accounting are all barred.

First, this Court entered a final decision on the merits in the plaintiffs' first action when it summarily dismissed plaintiffs' suit against defendants Spizzo and Stillwell for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) (6). A dismissal for failure to state a claim is a judgment on the merits and precludes a second action on the same claim, unless the court affirmatively states otherwise. *Guzowski v. Hartman*, 849 F.2d 252, 254-55 (6th Cir. 1988). The Court's order dismissing the first action contained no affirmative statement that the judgment was other than on the merits. *Brutz v. Stillwell*, 2010 WL 1924471. Contrary to plaintiffs' assertion otherwise, it is of no consequence whether the other defendants in the first action, Wierszewski and House, were dismissed pursuant to a final judgment on the merits. The relevant judgment is the one the Court rendered in favor of defendants Spizzo and Stillwell; that judgment was final and on the merits and satisfies the first element of res judicata.

Second, this action involves the same parties. Plaintiffs admit that all of the parties in this action were parties to the first action, but they argue that in the absence Wierszewski and House, who were named as defendants in the first action but not here, there can be no identity of the parties. *Res judicata*, however, does not require complete identity between the parties to each action; it only requires that the current parties were also parties to the prior action. 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4449 (2d ed. 2002) ("The bare fact that other parties were involved in the prior action and are not involved in the later action does not oust preclusion as to parties participating in both actions.") (citing *Dreyfus v. First Nat'l Bank*, 424 F.2d 1171, 1175-76 (7th Cir. 1970)). Plaintiffs and defendants were both parties to the first action, thus the second element of *res judicata* is satisfied.

Third, the issues presented here could have, and should have, been litigated in the first action. "Where two successive suits seek recovery for the same injury, a judgment on the

merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Cemer*, 583 F.2d at 832 (citing *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319-21, 47 S. Ct. 600, 71 L. Ed. 1069 (1927); *United States v. California & Oregon Land Co.*, 192 U.S. 355, 24 S. Ct. 266, 48 L. Ed. 476 (1904) (Holmes, J.); *Mayer v. Distel Tool & Mach. Co.*, 556 F.2d 798 (6th Cir. 1977); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 32-36 (8th Cir. 1964); Restatement of Judgments § 63 (1942). Plaintiffs concede that this suit seeks recovery for the very same injury that was alleged in the first action – defendants' alleged misconduct associated with the termination of the parties' Joint Venture Agreement. Plaintiffs' change in legal theories does not prevent the operation of *res judicata* to bar the immediate claims. In view of the diversity of the parties, the breach of contract, civil conspiracy and accounting claims were within the original jurisdiction of the district court in the first action and should have been brought together. Indeed, plaintiffs voluntarily elected to abandon their breach of contract claim against defendants Spizzo and Stillwell in the first action. The failure to join the claims now asserted in the first action bars the instant suit. Thus, the third *res judicata* factor is also satisfied.

Finally, there is identity between the causes of action in the two lawsuits. Plaintiffs' argument that the jurisdictional basis of the claims is "radically different" is unavailing. "The Court would have been obligated to accept jurisdiction over the [plaintiffs' current] claim[s] had [they] been joined in the first suit." *Cemer*, 583 F.2d at 832, n.2 (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 352-53, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976)). Nor does identity of the causes of action require that the theories of recovery must be the same as plaintiffs assert; rather, the lawsuits must arise from the same set of facts. Where a subsequent complaint makes "essentially the same factual allegations between the same parties"

as those made in a prior action, the subsequent lawsuit is barred by *res judicata. Begala v. PNC Bank, Ohio, Nat'l. Ass'n*, 214 F.3d 776, 780 (6th Cir. 2000) ("The law does not allow [plaintiffs] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action."). Here, plaintiffs readily admit that the two lawsuits arise from the same set of operative facts; therefore, there is identity between the causes of action, and the fourth *res judicata* factor is thus satisfied.

All of the requirements for *res judicata* have been met in this case; therefore, plaintiffs are precluded from litigating this matter for a second time.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED; and plaintiffs' motion for appointment of a receiver is DENIED as MOOT. This case is dismissed.

**IT IS SO ORDERED**.

Dated: June 27, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**